IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SECURITY ARCHIVE FUND, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT THE AIR FORCE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 05-00571 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF THE NATIONAL SECURITY ARCHIVE, INC.
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), Plaintiff the National Security Archive, Inc. ("Archive") respectfully moves for partial judgment on the pleadings. Plaintiff moves for declaratory judgment and injunctive relief with respect to certain Requests in Counts 1 and 2 of the Complaint, enumerated below, and for declaratory judgment with respect to Count III.

The grounds for this motion, as more fully set forth in the accompanying memorandum of law, are as follows:

1) Defendant, the United States Department of the Air Force ("USAF"), has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by its admitted failure within the time permitted by the FOIA to either release documents or deny thirty-six of the Archive's requests, Nos. 1, 6, 7, 13, 14, 15, 16, 20, 22, 23, 24, 25, 27, 29, 30, 32, 36, 37, 38, 40, 41, 45, 46, 50, 53, 54, 55, 63, 67, 70, 72, 73, 74, 77, 78, and 81 -- twenty of which are more than ten years old and which range in age to 18 years;

2)  USAF has also violated the FOIA by its admitted failure to make timely determinations as to nine of the Archive's appeals, Requests 38, 44, 48, 58, 60, 61, 63, 64, and 69 -- seven of which are more than two years old (and ranging in age to nine years); and

3)  USAF's admitted violations above, in combination with other admissions discussed in the accompanying memorandum, establish that it has a pattern and practice of untimely responses to the Archive's FOIA requests and appeals, as alleged in Count III.

For the reasons stated above, the Archive respectfully submits the Court should grant the instant motion, render declaratory judgment that Defendant has violated the FOIA with respect to the enumerated requests in Counts I and II, order Defendant to release the documents responsive to the enumerated requests in Counts I and II within twenty (20) days, and render declaratory judgment as to Count III.

Respectfully submitted,

David P. Dean, D.C. Bar Number 437030
Katie Feiock, D.C. Bar Number 491191
JAMES & HOFFMAN, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500 (phone)
(202) 496-0555 (fax)

Meredith Fuchs
D.C. Bar Number 450325
NATIONAL SECURITY ARCHIVE
George Washington University
Gelman Library Suite 701

2130 H Street, N.W.
Washington, DC 20037
(202) 994-7000 (phone)
(202) 994-7005 (fax)

Attorneys for the Plaintiff

DATE: __10/6/05__

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SECURITY ARCHIVE FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF THE AIR FORCE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 05-00571 (RMC) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c), Plaintiff The National Security Archive, Inc. ("Archive") respectfully submits, through undersigned counsel, this Memorandum in Support of its Motion for Partial Judgment on the Pleadings. As demonstrated below, even accepting as true every factual allegation in the Amended Answer of Defendant United States Air Force ("USAF"), the pleadings establish that USAF has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, by not making determinations within the time required by 5 U.S.C. § 552(a)(6)(A)(i) on multiple Archive requests -- twenty of which are more than ten years old and which range in age to 18 years; by not making determinations within the time required by 5 U.S.C. § 552(a)(6)(A)(ii) on multiple Archive appeals -- seven of which are more than two years old and which range in age to nine years; and by engaging in a pattern or practice of not making timely determinations on the Archive's FOIA requests and appeals.

The Archive therefore requests, in the accompanying Motion for Partial Judgment on the Pleadings, that the Court grant:

1. Declaratory judgment on Count I of the Complaint that USAF has violated the FOIA by failing to make a timely determination on the Archive's Requests 1, 6, 7, 13, 14, 15, 16, 20, 22, 23, 24, 25, 27, 29, 30, 32, 36, 37, 38, 40, 41, 45, 46, 50, 53, 54, 55, 63, 67, 70, 72, 73, 74, 77, 78, and 81;

2. Declaratory judgment on Count II that USAF has violated the FOIA by failing to make a timely determination on the Archive's appeals with respect to Requests 38, 44, 48, 58, 60, 61, 63, 64, and 69;

3. Injunctive relief on Counts I and II in the form of an order that USAF release the documents responsive to all Requests enumerated in paragraphs 1 and 2, above, within twenty (20) days;

4. Declaratory judgment on Count III that USAF has violated the FOIA by engaging in a pattern or practice of failing to make timely determinations on the Archive's FOIA requests and appeals.[1]

## I. BRIEF STATEMENT OF ADMITTED FACTS

Plaintiff Archive is a not-for-profit corporation established to promote research and public education on U.S. governmental and national security decision-making and to promote and encourage openness in government and government accountability. Compl. ¶ 11; Am.

---

[1] The Archive relies below on only those facts admitted by the USAF in its pleading, and requests only relief warranted by those facts. We note, however, that the Archive specifically disputes that the USAF has a centralized system for oversight and tracking of FOIA requests. See Complaint ("Compl.") ¶¶ 20-21; Amended Answer ("Am. Answer") ¶¶ 20-21. In light of Defendant's denials in the Amended Answer, however, that portion of Plaintiff's prayers for relief seeking the implementation and funding of such a centralized system must await the development of a factual record in this case demonstrating the falsity of Defendant's pleading.

2

Answer ¶ 11. Defendant USAF is a Department of the Executive Branch of the United States Government and is an agency within the meaning of the FOIA. Compl. ¶ 12; Am. Answer ¶ 12. The instant suit involves eighty-two FOIA requests made by Plaintiff between July 9, 1987, and March 8, 2004. Compl. ¶ 3.

Count I alleges that Defendant has failed to comply with the statutory time limits contained in 5 U.S.C. § 552(a)(6)(A)(i) with respect to Requests 1 through 82. Id. at ¶ 779. Defendant admits that it has neither released all the documents requested nor denied the request as to thirty-three of these requests – Requests 6, 7, 14, 15, 16, 20, 22, 23, 24, 25, 27, 29, 30, 32, 36, 37, 38, 40, 41, 45, 46, 50, 54, 55, 63, 67, 70, 72, 73, 74, 77, 78, and 81. Am. Answer ¶¶ 107, 120, 215, 226, 234, 274, 290, 300, 308, 317, 361, 377, 385, 407, 430, 440, 460, 474, 480, 514, 522, 554, 592, 605, 669, 697, 717, 725, 729, 733, 747, 752, and 767. Defendant does not deny (though neither has it explicitly admitted) that it has failed either to release all the documents requested or to deny the request as to three more requests – Requests 1, 13, and 53. Compl. ¶¶ 57, 204, 578-84; Am. Answer ¶¶ 57 and 204.[2] These combined requests range in age from one

---

[2] For Request 1, Defendant avers that some responsive documents were released, but it does not deny that it has not yet released *all* responsive documents or refused to release any remaining documents. Am. Answer ¶ 57. For Request 13, Defendant gives a blanket denial of Plaintiff's assertion that Defendant did not acknowledge Plaintiff's refiling, deny the request, or provide any responsive records or additional information. Id. at ¶ 204. While Defendant did acknowledge the refiling (making that portion of Plaintiff's assertion incorrect), Defendant has not asserted that it either denied the request or released all documents requested. Id. Defendant's blanket denial as to Paragraph 204 therefore does not constitute a denial of its failure to comply with the FOIA timelines as to Request 13. Defendant did not provide a response to Plaintiff's allegations concerning Request 53. See Compl. ¶¶ 578-84; Am. Answer (containing no corresponding paragraphs).

3

to eighteen years old; twenty-seven requests are at least five years old, and twenty of those are at least ten years old.[3]

Count II alleges that Defendant has failed to comply with the statutory time limits contained in 5 U.S.C. § 552(a)(6)(A)(ii) with respect to Plaintiff's FOIA appeals. Compl. ¶ 784. Defendant admits that it has failed to make a determination with regard to nine of Plaintiff's FOIA appeals – those relating to Requests 38, 44, 48, 58, 60, 61, 63, 64, and 69. Am. Answer ¶¶ 461, 510, 540,[4] 633, 650, 657, 670, 684, and 713. These combined appeals range in age from ten months to nine years; seven of them are at least two years old.[5]

---

[3] See Requests 1 (18 years, Compl. ¶ 30, Am. Answer ¶ 30), 6 (15 years, Compl. ¶ 99, Am. Answer ¶ 99), 7 (15 years, Compl. ¶ 108, Am. Answer ¶ 108), 13 (13 years, Compl. ¶ 194, Am. Answer ¶ 194); 14 (13 years, Compl. ¶ 205, Am. Answer ¶ 205), 15 (13 years, Compl. ¶ 216, Am. Answer ¶ 216), 16 (13 years, Compl. ¶ 227, Am. Answer ¶ 227), 20 (12 years, Compl. ¶ 264, Am. Answer ¶ 264), 22 (11 years, Compl. ¶ 281, Am. Answer ¶ 281), 23 (11 years, Compl. ¶ 291, Am. Answer ¶ 291), 24 (11 years, Compl. ¶ 301, Am. Answer ¶ 301), 25 (11 years, Compl. ¶ 309, Am. Answer ¶ 309), 27 (11 years, Compl. ¶ 354, Am. Answer ¶ 354), 29 (11 years, Compl. ¶ 370, Am. Answer ¶ 370), 30 (11 years, Compl. ¶ 378, Am. Answer ¶ 378), 32 (10 years, Compl. ¶ 394, Am. Answer ¶ 394), 36 (10 years, Compl. ¶ 423, Am. Answer ¶ 423), 37 (10 years, Compl. ¶ 431, Am. Answer ¶ 431), 38 (10 years, Compl. ¶ 441, Am. Answer ¶ 441), 40 (10 years, Compl. ¶ 467, Am. Answer ¶ 467), 41 (9 years, Compl. ¶ 475, Am. Answer ¶ 475), 45 (9 years, Compl. ¶ 511, Am. Answer ¶ 511), 46 (9 years, Compl. ¶ 515, Am. Answer ¶ 515), 50 (8 years, Compl. ¶ 548, Am. Answer ¶ 548), 53 (7 years, Comp. ¶ 578, Am. Answer (containing no corresponding paragraph)), 54 (7 years, Compl. ¶ 585, Am. Answer ¶ 585), 55 (7 years, Compl. ¶ 593, Am. Answer ¶ 593), 63 (4 years, Compl. ¶ 663, Am. Answer ¶ 663), 67 (2 years, Compl. ¶ 695, Am. Answer ¶ 695), 70 (2 years, Compl. ¶ 714, Am. Answer ¶ 714), 72 (2 years, Compl. ¶ 722, Am. Answer ¶ 722), 73 (2 years, Compl. ¶ 726, Am. Answer ¶ 726), 74 (2 years, Compl. ¶ 730, Am. Answer ¶ 730), 77 (1 year, Compl. ¶ 744, Am. Answer ¶ 744), 78 (1 year, Compl. ¶ 748, Am. Answer ¶ 748), and 81 (1 year, Compl. ¶ 764, Am. Answer ¶ 764).

[4] While Defendant lacks knowledge or information sufficient to form a belief as to whether or not Plaintiff filed an appeal to one portion of its denial, Am. Answer ¶ 533, it concedes that Plaintiff did file an appeal to another portion of its denial. Id. at ¶ 534.

[5] See Requests 38 (9 years, Compl. ¶ 446, Am. Answer ¶ 446), 44 (2 years, Compl. ¶ 507, Am. Answer ¶ 507), 48 (4 years, Compl. ¶¶ 533-34, Am. Answer ¶¶ 533-54), 58 (2 years, Compl. ¶ 629, Am. Answer ¶ 629), 60 (10 months, Compl. ¶ 649, Am. Answer ¶ 649), 61 (4 years, Compl. ¶ 655, Am. Answer ¶ 655), 63 (1 year, Comp. ¶ 667, Am. Answer ¶ 667), 64 (3 years, Compl. ¶ 678, Am. Answer ¶ 678), and 69 (2 years, Compl. ¶ 713, Am. Answer ¶ 713).

4

Count III alleges that Defendant has a pattern and practice of not processing FOIA requests and appeals within the statutory time limits. In addition to the thirty-six outstanding requests and nine appeals enumerated above, Defendant admits that it allowed years to pass without making determinations on another twenty-two requests -- not part of this motion -- ranging in age from one to seventeen years (sixteen of these requests were ten or more years old when Defendant finally responded, on the eve of filing its Answer), and one appeal.[6]

In further support of Plaintiff's pattern and practice claim, Defendant's Amended Answer displays a marked institutional ignorance of Plaintiff's FOIA requests. It concedes in its Amended Answer that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in 286 paragraphs in the Individual Requests section of the Complaint. See generally Am. Answer ¶¶ 30-772. Six of the requests (11, 19, 51, 59, 62, and 76) remain in dispute because Defendant is unable even to ascertain whether or not it has yet made a determination on Plaintiff's requests and appeals. Id. at ¶¶ 172, 263, 567, 642, 662, and 743.

---

[6] See Requests 2 (17 years, Compl. ¶ 58, Am. Answer ¶¶ 58, 68), 3 (17 years, Compl. ¶ 69, Am. Answer ¶¶ 69, 81), 4 (16 years, Compl. ¶ 82, Am. Answer ¶¶ 82, 90), 5 (15 years, Compl. ¶ 91, Am. Answer ¶¶ 91, 98), 8 (15 years, Compl. ¶ 121, Am. Answer ¶¶ 121, 132), 9 (15 years, Compl. ¶ 133, Am. Answer ¶¶ 133, 144), 10 (13 years, Compl. ¶ 145, Am. Answer ¶¶ 145, 151), 12 (13 years, Compl. ¶ 173, Am. Answer ¶¶ 173, 193), 17 (12 years, Compl. ¶ 235, Am. Answer ¶¶ 235, 248), 18 (12 years, Compl. ¶ 249, Am. Answer ¶¶ 249, 255), 21 (11 years, Compl. ¶ 275, Am. Answer ¶¶ 275, 280), 28 (11 years, Compl. ¶ 362, Am. Answer ¶¶ 362, 369), 31 (10 years, Compl. ¶ 386, Am. Answer ¶¶ 386, 393), 33 (10 years, Compl. ¶ 408, Am. Answer ¶¶ 408, 413), 34 (10 years, Compl. ¶ 414, Am. Answer ¶¶ 414, 418), 35 (10 years, Compl. ¶ 419, Am. Answer ¶¶ 419, 422), 42 (9 years, Compl. ¶ 481, Am. Answer ¶¶ 481, 490), 47 (8 years, Compl. ¶ 523, Am. Answer ¶¶ 523, 529), 56 (6 years, Compl. ¶ 606, Am. Answer ¶¶ 606, 619), 65 (3 years, Compl. ¶ 685, Am. Answer ¶¶ 685, 690), 68 (1 year, Compl. ¶ 698, Am. Answer ¶¶ 698, 701), and 71 (2 years, Compl. ¶ 718, Am. Answer ¶¶ 718, 721). See also appeal to Request 26 (2 years, Compl. ¶ 350, Am. Answer ¶¶ 350, 353. Note that the precise calculations for Requests 2, 12, 17, 18, 21, 31, 33, 34, and 35 cannot be confirmed by Defendant, as it lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's averments with respect to the dates of those requests.

Two more requests (49 and 55) remain in dispute because Defendant can not even ascertain whether or not it received them.[7] Id. at ¶¶ 541-46, 600-01.

Moreover, Defendant's backlog of FOIA requests has been increasing even though it receives fewer requests than do its sister Armed Forces agencies. It concedes that for the last two fiscal years, 2003 and 2004, it had more open requests at the end of the year than it did at the start of the year. Id. at ¶ 774. In 2002 (the most recent year for which statistics are available for all three agencies), Defendant received 11,335 FOIA complaints, fewer than either the Army at 28,084 or the Navy at 20,725. Compl. ¶ 773.[8] Its responses are also slower than those of the Army or Navy, as, despite receiving fewer requests, the median age of Defendant's open FOIA requests at the end of 2002 was 169 days, while the median age of open requests at the Navy was less than $1/6^{th}$ of that time, only 25 days, and at the Army, 21 days. Id.

While Defendant has clearly made an increased effort to process Plaintiff's requests and appeals after the filing of this lawsuit -- it successfully processed Requests 3, 5, 10, 35, 65, and 71 after the Complaint was filed,[9] Am. Answer ¶¶ 83, 98, 151, 422, 690, and 721 -- it is forced to concede that it is "often" unable to comply with the FOIA's time limits, Am. Answer ¶ 788, and

---

[7] Given the sheer volume of key facts Defendant is unable either to confirm or to deny, its claim that it has a mechanism for overall oversight of the FOIA process, Am. Answer ¶ 20, is incredible. For the purposes of this motion only, however, Plaintiff assumes it to be true.

[8] Defendant's response to this averment is "This paragraph is plaintiff's characterization of the annual agency FOIA reports of the Army, Navy, and Air Force, which reports speak for themselves." Am. Answer ¶ 773. These reports do speak for themselves – indeed, they are official agency documents generated pursuant to 5 U.S.C. § 552(e)(1), are available on the agencies' respective web sites, and thus are appropriate for judicial notice under Rule 201(b) of the Federal Rules of Evidence.

[9] In fact, five more requests (26, 28, 31, 33, and 47) are not included in this motion because Defendant responded to them after filing its Amended Answer. The remaining requests are not included because they involve factual disputes.

6

that it does not always indicate any unusual circumstances which would require an extension of time to process FOIA requests. Id. at ¶ 789.

Despite Defendant's insistence that it is "committed to improving its handling of FOIA requests," Am. Answer ¶ 774, it does not and cannot allege that it has yet succeeded in doing so.

## II. ARGUMENT

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber, 437 U.S. 214, 242 (1978). One important component of the FOIA is the requirement that information requests and appeals be addressed promptly, within 20 days, in the absence of exceptional circumstances. As Defendant admits, it has fallen woefully short of these obligations, and numerous FOIA requests and appeals have languished for years despite Defendant's inability even to articulate, much less demonstrate, the existence of any exceptional circumstances to justify these extreme delays.

### A. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) provides, in relevant part, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Such a motion "shall be granted if the moving party demonstrates that no material fact is in dispute and that it is entitled to judgment as a matter of law." Stewart v. Evans, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (internal quotation marks and citation omitted).

The FOIA plainly requires that an agency respond to requests for information within twenty days. 5 U.S.C. § 552(a)(6)(A)(i). An agency has the right to refuse to turn over records if they fall into any of the nine discreet categories listed at 5 U.S.C. § 552(b), but it bears the burden to justify that refusal. John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989).

"[U]nless the requested material falls within one of these nine statutory exemptions, FOIA requires that records and material in the possession of federal agencies be made available on demand to any member of the general public." Robbins Tire, 437 U.S. at 221.

After the expiration of twenty days period, if the agency has not yet made a determination, the person making the FOIA request "shall be deemed to have exhausted his administrative remedies[,]" 5 U.S.C. § 552(a)(6)(C)(i), and is entitled to bring suit in federal court, which "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The twenty-day period for response to FOIA requests may be extended by an additional ten if the agency provides written notice "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched."[10] 5 U.S.C. § 552(a)(6)(B)(i).

Delay beyond the extended thirty-day limit is permitted only if "the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," in which case "the court may retain jurisdiction and allow the agency additional time to complete its review of the records."[11] 5 U.S.C. § 552(a)(6)(C)(i). Under amendments to FOIA adopted in 1996, "the term 'exceptional circumstances' does not include a

---

[10] The "unusual circumstances" that warrant a ten-day extension are "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

[11] Defendant concedes this Court has jurisdiction over this action. Am. Answer ¶ 9.

delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). A sister District of Columbia federal district court recently articulated the applicable standard for a court to allow delay beyond the thirty-day limit in this circuit:

> Under D.C. Circuit law, a stay pursuant to [§ 552(a)(6)(C)(ii)] and the *Open America* doctrine[12] may be granted "(1) when an agency is burdened with an unanticipated number of FOIA requests; *and* (2) when agency resources are inadequate to process the requests within the time limits set forth in the statute; *and* (3) when the agency shows that it is exercising due diligence' in processing the requests; *and* (4) the agency shows reasonable progress' in reducing its backlog of requests."

The Wilderness Soc'y v. United States Dep't of the Interior, No. 04-0650, 2005 U.S. Dist. LEXIS 20042, at *31-32 (D.D.C. Sept. 12, 2005) (emphasis in original, citation omitted).[13]

An agency also has twenty days within which to respond to FOIA appeals. 5 U.S.C. § 552(a)(6)(A)(ii). As with failures to process requests for information within the statutory time limits, failures to process appeals within this statutory time limit give rise to a cause of action in federal court pursuant to 5 U.S.C. § 552(a)(4)(B).

---

[12] Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605, 616 (D.C. Cir. 1976) (holding, prior to the 1996 FOIA amendments, that exceptional circumstances may exist when (1) an agency is "deluged with a volume of requests for information vastly in excess of that anticipated by Congress"; (2) "the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A)"; and (3) "the agency can show that it is exercising due diligence in processing the requests." [internal quotation marks and citations omitted]).

[13] Refusal to modify the scope of a request or arrange an alternate time frame after being requested to do so by the agency is a factor in determining whether exceptional circumstances exist, 5 U.S.C. § 552(a)(6)(C)(iii), but Defendant has not claimed that Plaintiff has ever failed to modify a request when asked to do so. See also Compl. ¶¶ 5, 18, 102, 200, 209, 435, 672; Amended Answer ¶¶ 5, 18, 102, 200, 209, 435, 672.

## B. *DEFENDANT HAS FAILED TO PROCESS PLAINTIFF'S FOIA REQUESTS WITHIN THE STATUTORY TIME PERIOD*

Count I of Plaintiff's Complaint charges that Defendant violated the FOIA by failing to complete processing Plaintiff's FOIA requests. In its Amended Answer, Defendant admits that it has failed to complete processing thirty-three of Plaintiff's requests.[14] Moreover, Defendant has refused to deny its failure to process three additional requests.[15] As the most recent of Plaintiff's requests was made on March 8, 2004, each was filed far longer than twenty days ago. See Am. Answer ¶ 768. Indeed, twenty-nine requests are at least five years old, and twenty of those are at least ten years old.[16]

Defendant has pled no exceptional circumstances to justify its delay, nor has it pled that the documents responsive to these requests are exempt under the FOIA. Nor may the USAF plead exceptional circumstances under the standards in this circuit, since the pleadings show that

---

[14] Requests 6, 7, 14, 15, 16, 20, 22, 23, 24, 25, 27, 29, 30, 32, 36, 37, 38, 40, 41, 45, 46, 50, 54, 55, 63, 67, 70, 72, 73, 74, 77, 78, and 81. Am. Answer ¶¶ 107, 120, 215, 226, 234, 274, 290, 300, 308, 317, 361, 377, 385, 407, 430, 440, 460, 474, 480, 514, 522, 554, 592, 605, 669, 697, 717, 725, 729, 733, 747, 752, and 767.

[15] Requests 1, 13, and 53. Compl. ¶¶ 57, 204, 578-84; Am. Answer ¶¶ 57 and 204.

[16] See Requests 1 (18 years, Compl. ¶ 30, Am. Answer ¶ 30), 6 (15 years, Compl. ¶ 99, Am. Answer ¶ 99), 7 (15 years, Compl. ¶ 108, Am. Answer ¶ 108), 13 (13 years, Compl. ¶ 194, Am. Answer ¶ 194); 14 (13 years, Compl. ¶ 205, Am. Answer ¶ 205), 15 (13 years, Compl. ¶ 216, Am. Answer ¶ 216), 16 (13 years, Compl. ¶ 227, Am. Answer ¶ 227), 20 (12 years, Compl. ¶ 264, Am. Answer ¶ 264), 22 (11 years, Compl. ¶ 281, Am. Answer ¶ 281), 23 (11 years, Compl. ¶ 291, Am. Answer ¶ 291), 24 (11 years, Compl. ¶ 301, Am. Answer ¶ 301), 25 (11 years, Compl. ¶ 309, Am. Answer ¶ 309), 27 (11 years, Compl. ¶ 354, Am. Answer ¶ 354), 29 (11 years, Compl. ¶ 370, Am. Answer ¶ 370), 30 (11 years, Compl. ¶ 378, Am. Answer ¶ 378), 32 (10 years, Compl. ¶ 394, Am. Answer ¶ 394), 36 (10 years, Compl. ¶ 423, Am. Answer ¶ 423), 37 (10 years, Compl. ¶ 431, Am. Answer ¶ 431), 38 (10 years, Compl. ¶ 441, Am. Answer ¶ 441), 40 (10 years, Compl. ¶ 467, Am. Answer ¶ 467), 41 (9 years, Compl. ¶ 475, Am. Answer ¶ 475), 45 (9 years, Compl. ¶ 511, Am. Answer ¶ 511), 46 (9 years, Compl. ¶ 515, Am. Answer ¶ 515), 50 (8 years, Compl. ¶ 548, Am. Answer ¶ 548), 53 (7 years, Comp. ¶ 578, Am. Answer (containing no corresponding paragraph)), 54 (7 years, Compl. ¶ 585, Am. Answer ¶ 585), 55 (7 years, Compl. ¶ 593, Am. Answer ¶ 593).

the USAF is neither burdened with an unanticipated number of FOIA requests, nor making any progress in reducing its backlog of FOIA requests. See The Wilderness Soc'y, 2005 U.S. Dist. LEXIS 20042, at *32.

### C. DEFENDANT HAS FAILED TO PROCESS PLAINTIFF'S FOIA APPEALS WITHIN THE STATUTORY TIME PERIOD

Count II of Plaintiff's Complaint charges that Defendant violated the FOIA by failing to timely address Plaintiff's appeals. Defendant has admitted that it has not yet addressed nine of Plaintiff's appeals.[17] These appeals range in age from ten months to nine years; seven of them are at least two years old.[18]

Defendant's Amended Answer includes no justification for its delay in processing the enumerated appeals, nor has Defendant pled that the documents subject to appeal are exempt under the FOIA. Accordingly, Plaintiff should be granted its requests that this court enter judgment in its favor by (a) declaring that Defendant has failed to comply with the FOIA with respect to these appeals and (b) issuing an injunction requiring Defendant to release the documents that are the subject of these appeals within twenty days.

---

[17] Requests 38, 44, 48, 58, 60, 61, 63, 64, and 69. Am. Answer ¶¶ 461, 510, 540, 633, 650, 657, 670, 684, and 713.

[18] See Requests 38 (9 years, Compl. ¶ 446, Am. Answer ¶ 446), 44 (2 years, Compl. ¶ 507, Am. Answer ¶ 507), 48 (4 years, Compl. ¶¶ 533-34, Am. Answer ¶¶ 533-54), 58 (2 years, Compl. ¶ 629, Am. Answer ¶ 629), 60 (10 months, Compl. ¶ 649, Am. Answer ¶ 649), 61 (4 years, Compl. ¶ 655, Am. Answer ¶ 655), 63 (1 year, Comp. ¶ 667, Am. Answer ¶ 667), 64 (3 years, Compl. ¶ 678, Am. Answer ¶ 678), and 69 (2 years, Compl. ¶ 713, Am. Answer ¶ 713).

### D. DEFENDANT IS ENGAGED IN A PATTERN OR PRACTICE OF FAILING TO MAKE DETERMINATIONS ON PLAINTIFF'S FOIA REQUESTS AND APPEALS WITHIN THE STATUTORY TIME PERIOD

Count III of Plaintiff's Complaint charges Defendant with engaging in a pattern or practice of responding to FOIA requests and appeals in an untimely manner. When an agency (1) has a pattern, practice, or policy (2) that results in unjustified delay in releasing documents under FOIA and (3) that causes harm to the plaintiff, then a FOIA plaintiff is entitled to declaratory and injunctive relief to remedy that pattern, practice or policy. See Payne Enters. v. United States, 837 F.2d 486, 488, 491 (D.C. Cir. 1988) (reversing as an abuse of discretion a district court's refusal to grant declaratory and injunctive relief on a pattern and practice claim). The pattern, practice, or policy may be formal or informal, "[s]o long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials[.]" Id. at 491. A delay is "unjustified" when it is not supported by any of the FOIA exemptions, id. at 492, or by exceptional circumstances. 5 U.S.C. § 552(a)(6)(C); see also Open Am., 547 F.2d at 616.

Defendant's lack of response to the Archive's FOIA requests and appeals constitute a pattern and practice, not isolated instances. The pattern or practice results in unjustified delay in releasing documents under FOIA and has caused ongoing harm to Plaintiff. Defendant's admissions that it has failed to make timely determinations with regard to fifty-eight of the Archive's requests[19] and ten of the Archive's appeals,[20] that its backlog of requests actually

---

[19] Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 45, 46, 47, 50, 53, 54, 55, 56, 63, 65, 67, 68, 70, 71, 72, 73, 74, 77, 78, and 81. Am. Answer ¶¶ 57, 68, 81, 90, 98, 107, 120, 132, 144, 151, 193, 204, 215, 226, 234, 248, 255, 274, 280, 290, 300, 308, 317, 361, 369, 377, 385, 393, 407, 413,

12

increased in the most-recently reported year, and that it is often unable to comply with the FOIA time limits, establish that it has a pattern or practice of violating the FOIA by failing to meet the statutory time limits of 5 U.S.C. § 552(a)(6)(A) with respect to the Archive's requests.

Even where a pattern or practice of delay is not part of a formal policy, and even when it ends in the eventual release of documents, a plaintiff is still entitled to declaratory and injunctive relief when, as here, the other elements of a pattern or practice claim are met. Payne, 837 F.2d at 488, 491. In Payne, the District of Columbia Circuit overturned a district court's decision ruling that a FOIA claim against USAF – the Defendant here – was mooted by the eventual release of the requested information, ruling that "even though a party may have obtained relief as to a *specific request* under the FOIA, this will not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." Id. at 491. The court further held that it was an abuse of discretion for the district court to deny equitable relief because the plaintiff had been forced to seek administrative review of USAF's initial denial of all of his FOIA requests for almost two years and because the documents were always released on appeal. Id. at 494. The court found that Air Force Logistic Command bases' regular disregard of official policy itself constituted an unofficial policy or practice meriting declaratory relief under the FOIA. Id.

As shown above, the delay occasioned by Defendant's pattern or practice is unjustified as a matter of law. Congress permits extensions of the FOIA time limits only in exceptional circumstances, and exceptional circumstances do "not include a delay that results from a

---

418, 422, 430, 440, 460, 474, 480, 490, 514, 522, 529, 554, 578-84, 592, 605, 619, 669, 690, 697, 701, 717, 721, 725, 729, 733, 747, 752, and 767.

[20] Appeals relating to Requests 26, 38, 44, 48, 58, 60, 61, 63, 64, and 69. Am. Answer ¶¶ 353, 461, 510, 540, 633, 650, 657, 670, 684, and 713.

predictable agency workload of requests . . ., unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). Defendant has not alleged that it is facing anything more than a predictable agency workload of requests; it receives less requests than other armed forces agencies; and it admits that its backlog of pending requests actually increased in the last reported year. Am. Answer ¶ 774. Defendant has alleged no exceptional circumstances to justify the delay, and it is hard to imagine any circumstances sufficiently exceptional to justify delays of up to seventeen years. To permit delays of such length would be to allow the "exceptional circumstances" exception to swallow the rule of mandatory disclosure.[21]

Various courts have held that agencies must respond to FOIA requests in considerably less time than that already taken by Defendant here. For example, the Ninth Circuit held that a district court erred in denying injunctive relief to prevent an agency's prolonged delays and repeated litigation over the plaintiff's regular requests for documents of a particular kind. Long v. IRS, 693 F.2d 907, 910 (9th Cir. 1982). The "prolonged delays" included a wait of seventeen months for the documents that were the subject of the lawsuit. Id. Several courts have granted stays to agencies to allow them to finish processing requests in terms suggesting an expectation

---

[21] Courts may rightly reject "pattern or practice" claims in situations where an examination of an agency's overall behavior suggests that the agency's failure to meet FOIA deadlines was of a temporary nature and has been corrected. For example, in Swan View Coalition v. USDA, 39 F. Supp. 2d 42 (D.D.C. 1999), this Court declined to grant injunctive relief on plaintiff's pattern or practice theory on the ground that there was no reasonable expectation of a recurring FOIA compliance problem. In that case, the plaintiff had made 85 FOIA requests from 1993 through 1997, three during 1997, and a number of requests after 1998. Id. at 46-47. The agency had processed each of these complaints in a timely manner, save for the three 1997 requests which were responded to in January of 1998. Id. The court ruled that these three failures could not constitute a pattern or practice of untimely FOIA responses in light of the agency's previous and subsequent record of punctuality. Id. at 47. The instant case, however, is obviously different.

of much shorter processing times.  In one case, the court assumed that an agency's declaration stating that it processed nineteen cases per month must be a typographical error because at that rate the agency would not finish processing the request for seven years, and the court found a request for a seven-year stay "inconceivable."  Pray v. FBI, No. 95-Civ-0380, 1995 WL 764149, at *2 (S.D. N.Y. Dec. 28, 1995).  The court therefore assumed the agency meant that it was processing 190 requests per month and granted it a stay of one year (while requiring that the agency file four status reports in the interim).  Id.  In another case, this Court granted a stay of only sixty days on four documents, despite an agency request for two years, because it found no possible justification for the length of time requested.  Hunter v. Christopher, 923 F. Supp. 5, 8 (D.D.C. 1996).  The Court noted, "[i]t would be unthinkable for this court to have to keep this case open for two years to accommodate these two agencies inability to look at four documents." Id. at 8 n.2.  As this Court explained, "[a]lthough Open America did anticipate that some agencies might need considerable time to respond to FOIA requests, the opinion seems to contemplate delays would be measured in months, not years." Dacosta v. United States Dep't of Justice, 782 F. Supp. 147, 149 (D.D.C. 1992) (granting open-ended stay but requiring status reports every sixty days).

Finally, although Defendant denied Plaintiff's allegation of injury, see Am. Answer ¶ 790, it conceded that Plaintiff's mission is to promote research and public education on governmental and national security decision-making and to promote and encourage openness in government and government accountability.  Id. ¶ 11.  Given Plaintiff's mission, and the length of the delays to which Defendant has admitted, the harm to Plaintiff is indisputably clear.

---

There is no history of timeliness with regard to Plaintiff's FOIA requests, rather many of these requests have been pending for over a decade.

Six months after being forced to sue over the USAF's remarkable record of delay, the Archive is now forced to move for injunctive relief to procure the documents it seeks. The undisputed facts of this case – by Defendant's own admission, fifty-eight information requests and ten appeals have gone unprocessed for over a year beyond the statutory period – compel the conclusion that Defendant has a pattern or practice of not responding to Plaintiff's FOIA requests and appeals within the statutory time period. Accordingly, Plaintiff respectfully requests that this Court enter judgment in its favor mandating disclosure and declare that Defendant has a pattern or practice of violating the FOIA with respect to the Archive's requests.

## III. CONCLUSION

For all the foregoing reasons, this Court should find and declare that Defendant (1) has failed to make timely determinations as to Plaintiff's Requests Plaintiff's Requests 1, 6, 7, 13, 14, 15, 16, 20, 22, 23, 24, 25, 27, 29, 30, 32, 36, 37, 38, 40, 41, 45, 46, 50, 53, 54, 55, 63, 67, 70, 72, 73, 74, 77, 78, and 81; (2) has failed to make timely determinations as to Plaintiff's appeals in Requests 38, 44, 48, 58, 60, 61, 63, 64, and 69; and (3) has engaged in a pattern or practice of failing to make timely determinations with regard to Plaintiff's FOIA requests and appeals. Additionally, Plaintiff respectfully requests that this Court issue injunctive relief commanding Defendant to release the documents responsive to Plaintiff's FOIA requests and appeals in all the above enumerated Requests within twenty days. Finally, Plaintiff respectfully requests that this Court order any other relief the Court deems appropriate.

Respectfully submitted,

_____
David P. Dean, D.C. Bar Number 437030
Katie Feiock, D.C. Bar Number 491191
JAMES & HOFFMAN, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500 (phone)
(202) 496-0555 (fax)

Meredith Fuchs
D.C. Bar Number 450325
NATIONAL SECURITY ARCHIVE
George Washington University
Gelman Library Suite 701
2130 H Street, N.W.
Washington, DC 20037
(202) 994-7000 (phone)
(202) 994-7005 (fax)

Attorneys for the Plaintiff

DATE: 10/6/05