UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NATIONAL SECURITY ARCHIVE FUND, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 05-00571 (RMC) |
| UNITED STATES DEPARTMENT OF THE AIR FORCE, | ) ) ) | |
| Defendant | ) ) | |
| _____ | ) | |

<u>DEFENDANT'S NOVEMBER 2009 STATUS REPORT</u>

Pursuant to the Court's Orders of May 24, 2006 (as amended June 1, 2006), and July 5, 2006, both as modified by the Court's Order of February 25, 2009, defendant submits its status report concerning the processing of certain of plaintiff's requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Department of the Air Force has provided the information below to the undersigned.

**Request 49**:

Defendant's Headquarters Air Force FOIA office ("HAF/IMIO") responded to the requester on July 7, 2009, providing a redacted copy of the responsive record, and received the requester's appeal on August 4, 2009. On August 10, 2009, HAF/IMIO forwarded the appeal file to the Department of Energy ("DOE"), the DoD Office of Freedom of Information ("OFOI") for review in the Office of the Secretary of Defense ("OSD") and by the Joint Staff, defendant's Air Force Space Command

("AFSPC") and Air Force Declassification Office ("AFDO"), and to two intelligence agencies outside the Air Force.

Defendant reported in its September 1, 2009, Status Report that the agencies outside the Air Force had received the appeal file but, with the exception of one of the intelligence agencies, had not provided defendant with estimated dates by which they will complete their reviews. One intelligence agency advised defendant that it was likely that it would be "several months" before it completes the review on appeal because of the number of appeals that it has in its queue ahead of the one relating to this request.

The second intelligence agency advised HAF/IMIO that it, too, was unable to provide an estimated completion date for its review because of the number of appeals that it has in its queue ahead of the one relating to this request. Similarly, DOE indicated that it was unable to provide an estimated completion date.

The Defense Courier Service reported that it delivered the file to the security office at Peterson Air Force Base, Colorado, where AFSPC is located on September 24, 2009. AFSPC had not yet provided an estimated date for the completion of its appeal review to HAF/IMIO.

On October 13, 2009, the intelligence agency that had previously reported that it would be "several months" before it completes the review on appeal narrowed its estimate, advising defendant that it would be nine months. On November 2, HAF/IMIO advised agency counsel for defendant that an estimated completion date

for the review by the second intelligence agency outside the Air Force had not been received.

On October 21, 2009, HAF/IMIO forwarded a copy of the initial DOE review to DOE, which had not retained a copy.

On October 30, 2009, HAF/IMIO advised agency counsel that AFSPC had reported that the AFSPC review was complete and the file had been forwarded for transmission through the Defense Courier Service.

In its October 1, 2009, Status Report defendant incorrectly reported that OFOI had provided an estimated completion date for the OSD and Joint Staff reviews of October 1, 2009. The correct estimated completion date provided by OFOI was November 1, 2009. On November 2, 2009, HAF/IMIO advised agency counsel that it had not yet received the OSD and Joint Staff reviews.

**Request 52**:

Plaintiff requested that defendant include in its reports information concerning Request 52, which is not included in either of the Court's Orders. The request sought Strategic Air Command ("SAC") Histories for 1973, 1974, and 1975. *The 1973 SAC History*:

HAF/IMIO mailed the releasable portion of the requested record to the requester on September 11, 2009.

On November 2, 2009, HAF/IMIO received an appeal of the redactions in the record released on September 11, 2009.

*The 1974 History*:

The Air Combat Command ("ACC") FOIA office mailed a response to the requester on January 2, 2009. On February 17, 2009, plaintiff's counsel notified agency counsel for defendant that the requester had not yet received the response mailed on January 2. On February 17 agency counsel contacted defendant's responsible FOIA office and requested that another copy of the response be sent to the requester. The ACC FOIA office sent a second copy of the response mailed on January 2, 2009, to the requester on or about February 18, 2009.

HAF/IMIO received an appeal from the requester on April 16, 2009, and forwarded the file to AFDO on April 22. On May 13, 2009, HAF/IMIO received materials supplementing the appeal from the requester.

On May 21, 2009, the Air Force FOIA Officer ("SAF/XCPP") asked the ACC FOIA office to refer the appeal to OFOI and to the Department of Energy ("DOE") because the case file had not been transferred to HAF/IMIO. The referrals were made on May 27, 2009.

On June 1, 2009, AFDO notified SAF/XCPP, HAF/IMIO, and agency counsel for defendant that the estimated date for the completion of the AFDO review of the responsive record in connection with the appeal would be June 30, 2009.

On June 17 2009, SAF/XCPP asked OFOI to submit the Joint Staff review to defendant by August 1, 2009. The same day, the OFOI action officer advised SAF/XCPP that he had notified the Joint Staff of the request and that he would further advise SAF/XCPP if problems were encountered in returning the Joint Staff

review to defendant by August 1.

On June 18, 2009, SAF/XCPP asked DOE to submit its review to defendant by August 1, 2009.

AFDO completed its review and forwarded it to the ACC FOIA office by electronic mail on June 26, 2009.

On July 31, 2009, the OFOI action officer notified defendant that the Joint Staff review had been forwarded to the ACC FOIA office on July 31, 2009, by secure electronic mail. On August 3, 2009, the ACC FOIA office advised agency counsel for defendant that it did not have a secure electronic mail terminal in its office and that it would retrieve the OFOI electronic mail message as soon as it was able to obtain an appointment to access to a secure terminal.

On July 31, 2009, DOE advised defendant that the DOE review would be mailed to defendant the same day, that is, July 31, 2009. On August 3, 2009, the ACC FOIA office advised agency counsel for defendant that it had not yet received the DOE review.

The ACC FOIA office received the responses from DOE and OFOI on August 6, 2009, and the AFDO review on August 11. On August 20, 2009, the ACC FOIA office requested clarification of the AFDO review that had been received on August 11.

The ACC FOIA office forwarded the appeal file to defendant's General Litigation Division ("AFLOA/JACL") on September 4, 2009.

AFLOA/JACL received the appeal file on September 9, 2009. When agency

counsel for defendant returned from annual leave on September 14, 2009, he found that the unclassified compact disc in the file was unreadable and on September 15 asked the ACC FOIA officer to have the unclassified material placed on an ACC web site from which he could download it. On September 16, agency counsel found the classified compact disc in the file also was unreadable and requested the ACC FOIA officer to have another copy sent to AFLOA/JACL. The ACC FOIA office placed the unclassified material on the web site on September 17 and forwarded the replacement classified disc to AFLOA/JACL on September 22, 2009.

AFLOA/JACL received the replacement classified disc on September 24, 2009, agency counsel having retrieved the unclassified material from the ACC web site on September 18.

Although AFLOA/JACL had anticipated it would forward the appeal for action by defendant's appellate authority by October 9, 2009, resolution of redaction discrepancies delayed the forwarding of the appeal until October 28, 2009.

Defendant's appellate authority's office received the appeal file on October 30, 2009. Defendant anticipates that the appellate authority will issue his determination by November 16, 2009.

*The 1975 SAC History*:

The appellate authority issued his determination on July 15, 2009.

**Request 63**:

*SAC History for January to June 1964*:

On July 28, 2006, defendant's appellate authority issued his determination as to the appeal concerning this history.

*SAC History for July to December 1963*:

On December 20, 2007, defendant's responsible FOIA office mailed the releasable portions of this history to the requester.

On February 14, 2008, defendant's responsible FOIA office received an appeal.

On May 15, 2009, OFOI delivered the Joint Staff Review to HAF/IMIO. The Joint Staff review was the last review that had been pending in an agency outside the Air Force.

On May 25, 2009, HAF/IMIO reported to agency counsel for defendant that it had discovered that the pages noted by the Department of State ("DOS") review in connection with the appeal as containing material DOS had determined should be redacted were different from the pages that DOS had returned marked with proposed redactions. HAF/IMIO also reported that North American Aerospace Defense Command ("NORAD") equities had been identified on four pages. On May, 27, in response to a question from SAF/XCPP, agency counsel advised HAF/IMIO that, pursuant to a December 9, 2008, Office of the Secretary of Defense ("OSD"), Director of Administration and Management memorandum, the pages containing

NORAD equities should be referred to the United States Northern Command ("USNORTHCOM") for coordination with NORAD.

On May 26, 2009, HAF/IMIO contacted DOS and requested clarification.

HAF/IMIO forwarded the appeal file to AFDO for final review on or about May 26, 2009.

On June 17, 2009, SAF/XCPP requested DOS and USNORTHCOM, on behalf of NORAD, to submit their reviews to defendant by June 30, 2009.

AFDO completed its review and delivered it to HAF/IMIO on July 8, 2009.

Defendant received the DOS review on July 10, 2009.

On July 1, 2009, HAF/IMIO advised agency counsel for defendant that the NORAD Public Affairs office, which coordinates the public release of information by NORAD, had received the material that had been referred to NORAD for review on June 26, 2009, and that the material would be delivered to the subject matter office on July 1, 2009. The NORAD Public Affairs office action officer indicated that she understood the urgency of defendant's request and told HAF/IMIO she would request the subject matter office to complete its review by July 15.

On July 31, the NORAD Public Affairs office notified HAF/IMIO that the review by the NORAD subject matter office was complete as was the coordination with the NORAD foreign disclosure office. The NORAD Public Affairs office told HAF/IMIO that it anticipated the remaining internal coordination would be completed by August 7, 2009.

On August 27, 2009, NORAD advised HAF/IMIO that the review was still

-8-

undergoing internal coordination.

On September 17, 2009, NORAD advised HAF/IMIO that the file had been misplaced and asked that another copy be sent, which was done on September 18.

On September 25, 2009, NORAD advised HAF/IMIO that the replacement copy of the file had been received and was being reviewed.

On October 30, 2009, HAF/IMIO advised agency counsel that NORAD had reported that the review had been completed by all NORAD offices except the NORAD Directorate of Operations.

**Request 82**:

Defendant's responsible FOIA office initially reported to AFLOA/JACL that processing of this request was complete. However, while preparing defendant's first Status Report pursuant to the Court's July 5, 2006, Order (filed August 30, 2006), AFLOA/JACL determined that the correspondence that had been reported as that which completed the processing was inadequate. By letter dated September 11, 2006, AFLOA/JACL advised the responsible FOIA office of the discrepancies and the need to complete processing the responsive records. The FOIA office received the letter on September 25, 2006, and on September 28, 2006, forwarded the responsive records to AFDO to be reviewed.

On April 19, 2007, defendant's responsible FOIA office received the AFDO review of the records. AFDO determined that four of the responsive records were unclassified or could be declassified. Copies of those records were forwarded to the requester on May 22, 2007.

-9-

AFDO determined that the remaining six responsive records, consisting of approximately 2500 pages, required referral to DOS, the Joint Staff, the Defense Intelligence Agency ("DIA"), the Army, the Navy, and two intelligence agencies outside the Department of Defense for review. The volume of copying caused the FOIA office's classified copier to fail twice, and defendant forwarded the records to the Defense Logistics Agency's Document Automation and Production Service for reproduction.

On June 8, 2007, defendant's FOIA office referred the classified responsive records to the agencies outside the Air Force as recommended by AFDO.

On November 7, 2007, the Army notified defendant that it had referred the responsive records to United States Central Command ("USCENTCOM").

On January 2, 2008, defendant's responsible FOIA office received the review from one intelligence agency outside the Air Force.

On February 4, 2008, defendant's responsible FOIA office received the DOS review.

On March 7, 2008, defendant's responsible FOIA office received the review from the second intelligence agency outside the Air Force.

Defendant's responsible FOIA office received the DIA review by telefacsimile on March 25, 2008, and the original of the DIA review on March 31.

Defendant's FOIA office received the Navy review on May 19, 2008.

Defendant's FOIA office received the review of defendant's United States Air Force Central ("USAFCENT"), the Air Force component of CENTCOM, on June 13, 2008.

Defendant's responsible FOIA received the USCENTCOM review file on compact disc on July 24, 2008, but the electronic file could not be opened. The FOIA office requested that CENTCOM send another copy of the file, which was received on August 5, 2008.

A staff member of defendant's responsible FOIA office picked up the OFOI review on July 30, 2008.

On September 17, 2008, defendant's responsible FOIA office advised agency counsel for defendant that AFDO had indicated that it anticipated completing its review of the responsive records by September 26, 2008.

Although AFDO had anticipated completing its review of the responsive records by September 26, 2008, during its review it discovered that it had not received all of the reviews and recommended redactions by agencies outside the Air Force. Those reviews and copies of the records marked with the other agencies' redactions were delivered to AFDO by defendant's responsible FOIA office on October 20, 2008.

On November 6, 2008, AFDO advised agency counsel that its review had been completed the same day. AFDO forwarded the file to defendant's responsible FOIA office on November 19.

-11-

AFDO recommended additional referrals to the United States Pacific Command ("USPACOM"), the United States Special Operations Command ("USSOCOM"), USCENTCOM, USAFCENT, United States Army Central ("USARCENT"), the Navy, DOS, and an intelligence agency outside the Air Force.

Defendant's responsible FOIA office anticipated that all of the referrals would be dispatched by December 24, 2008.

Defendant's responsible FOIA office received the review from the intelligence agency outside the Air Force on February 9, 2009, and the review from USPACOM on February 11.

On February 17, 2009, defendant's responsible FOIA office advised agency counsel for defendant that USCENTCOM had reported that it would defer to the reviews by USARCENT and USAFCENT. The FOIA office also reported that the referral to USSOCOM was initially misdirected to United States Southern Command ("USSOUTHCOM") and was resent to USSOCOM on January 28, 2009.

The USSOCOM FOIA office forwarded the USSOCOM review to defendant's responsible FOIA office by secure electronic mail on March 23, 2009. On March 30, 2009, defendant's responsible FOIA office received the DOS review by telefacsimile and on April 10, 2009, received the copy of the records showing the DOS redactions. Also on March 30, 2009, defendant's responsible FOIA office was advised by an employee of the Navy FOIA office that the Navy review was complete.

USAFCENT mailed its review to defendant's responsible FOIA office on April 16, 2009.

Defendant reported to the Court in its May 1, 2009, Status Report that the Navy FOIA office had advised defendant's FOIA office that the Navy review of the responsive records referred to the Navy on or about December 24, 2008, had been mailed to defendant's FOIA office on or about April 17, 2009. However, when defendant's FOIA office inquired about the mailing because the Navy review had not been received by early May, defendant's FOIA office learned that the mailing to which the Navy FOIA office official had referred was in fact an internal referral within the Navy. On May 16, 2009, the Navy organization to which the records had been internally referred reported that its action-officer "review is nearly done," and HAF/IMIO received the Navy review by secure electronic mail on May 20, 2009.

Although defendant anticipated, as reported in its July 1, 2009, Status Report, that HAF/IMIO would forward a response to the requester by July 10, 2009, HAF/IMIO did not turn to this request until it had completed Request 49 on July 7, 2009. In compiling the reviews of other agencies HAF/IMIO noted that pages were missing from the marked copies of the responsive records from the Joint Staff and the Navy that showed the information those agencies were withholding. HAF/IMIO contacted the Joint Staff and the Navy on August 3, 2009, and requested that they resend the marked copies of the records each reviewed. In addition, HAF/IMIO noted inconsistencies in the redactions noted by AFDO and returned the responsive documents to AFDO on July 17, 2009, for resolution of the inconsistencies. On July 27, 2009, AFDO reported to HAF/IMIO that it anticipated it would complete corrective action by August 14, 2009.

On August 31, 2009, HAF/IMIO reported to agency counsel for defendant that it had been necessary to resend the consultation to the Navy. The prior Navy subject matter reviewer had departed and his replacement had been unable to locate the file in order to provide the missing pages. On August 28, HAF/IMIO sent an electronic mail message to the new Navy subject matter reviewer asking for an estimated completion date for the new Navy review, but it has not been received.

On August 31, 2009, HAF/IMIO also reported to agency counsel that OFOI had advised that the pages missing from the Joint Staff review would be forwarded by September 4 2009.

Although AFDO previously had reported to HAF/IMIO that it anticipated that it would complete corrective action with respect to the discrepancies in its prior review by August 14, 2009, AFDO thereafter advised HAF/IMIO that it anticipated that it would complete the corrective action by September 14. The number of different redaction markings made by prior reviewers necessitated a complete re-review of the responsive records to assure that an accurate evaluation was made.

AFDO completed its re-review of the responsive records on September 16, 2009.

Because the file contains material classified Top Secret, an attorney from defendant's Administrative Law Division, Office of the Judge Advocate General ("AF/JAA") will review the file at AFDO on October 5, 2009, rather than having it sent to AF/JAA.

-14-

AFDO forwarded the file to HAF/IMII on October 9, 2009, thorough security channels required due to the Top Secret classification of some of the materials contained in the file.  HAF/IMII received the file on October 20, 2009, and began preparing the redacted copy for release to the requester. HAF/IMII completed redaction of the first of seven volumes on October 30, 2009, and forwarded it to the requester on the same day. HAF/IMII will forward each volume to the requester as redaction of the volume is completed and anticipates that all redaction will be completed by December 4, 2009.

Respectfully submitted,

TONY WEST
Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

/s/ *Brian G. Kennedy*
ARTHUR R. GOLDBERG (D.C. Bar 180661)
BRIAN G. KENNEDY (D.C. Bar No. 228726)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel.: (202) 514-3357 Fax: (202) 616-8470
Email:  Brian.Kennedy@usdoj.gov